IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01385-BNB

ERNIE CALBART,

    Plaintiff,

v.

THE DENVER SHERIFF DEPARTMENT,
DENVER SHERIFF CHIEF DIGGINS,
DEPUTY SHERIFF WISE,
DEPUTY SHERIFF BURKE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 8 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Ernie Calbart, is detained in the Denver County Jail. He filed *pro se* an incomplete Prisoner Complaint on June 15, 2010 asserting a cause of action under 42 U.S.C. § 1983, followed by an incomplete amended complaint on June 21, 2010. In compliance with the Court's Order dated August 5, 2010, Mr. Calbart filed a second amended complaint on August 17, 2010. In an Order dated September 15, 2010, the Court granted Plaintiff thirty days to file a third and final amended complaint to include any additional claims. Mr. Calbart filed his third amended complaint on September 23, 2010. He has been granted leave to proceed *in forma pauperis*.

The third amended complaint names three new Defendants and dismisses two of the Defendants named in the second amended Complaint. The third amended complaint purports to assert a single claim for relief for violation of the Americans with

Disabilities Act (ADA). Although the third amended complaint asserts jurisdiction under 42 U.S.C. § 1983, Plaintiff does not claim that the Defendants violated his constitutional rights.

The Court construes Mr. Calbart's pleadings liberally because he is not represented by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This rule of liberal construction means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of various legal theories." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th 1991). At the same time, the Court may not act as an advocate for a pro se litigant. *Id.* The third amended complaint will be dismissed, in part, for the reasons discussed below.

Mr. Calbart claims that the Defendants have failed to provide reasonable accommodation for a disability he suffers in both knees, in violation of the ADA. Plaintiff alleges that Defendants Burke and Wise ignored medical restrictions he received from the jail physician for a bottom tier bunk and instead forced him to climb stairs on multiple occasions. As a result, Plaintiff fell and exacerbated his disability. Mr. Calbart states that he is now in a wheelchair and requires knee replacement surgery.

The Court construes Plaintiff's claim as arising under Title II of the ADA, 42 U.S.C. § 12132. Title II states:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

2

The Denver Sheriff Department (Denver) is a public entity for purposes of Title II. *See* 42 U.S.C. § 12131(1) (defining "public entity" as a local government or any department or agency of a local government); *see also Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007) (Title II of ADA "extends to discrimination against inmates detained in a county jail"). However, the statute does not impose individual liability. *See* 42 U.S.C. § 12131; *see also Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (individuals in their personal capacities are not subject to suit under Title II, which provides redress only from public entities). Accordingly, Mr. Calbart's Title II ADA claims against Defendants Diggins, Wise, and Burke will be dismissed. To the extent Plaintiff sues the individual defendants in their official capacities, the claims are construed as claims against Denver. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Mr. Calbart also alleges that jurisdiction in this action arises under 42 U.S.C. § 1983. The Court notes that Mr. Calbart asserted an Eighth Amendment claim in his second amended complaint, but omitted that claim from his third amended complaint. Mr. Calbart was advised in the September 15 Order that the third amended complaint would supersede all previous pleadings. However, the factual allegations of the third amended complaint, construed liberally under *Hall,* 935 F.2d at 1110, state an arguable claim against Defendants Burke and Wise for violation of Mr. Calbart's rights under the Eighth or Fourteenth Amendment, depending on Plaintiff's status as a pre-trial detainee or convicted prisoner. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999)

(noting that pre-trial detainees are protected under the Due Process Clause rather than the Eighth Amendment; however, in determining whether the plaintiff's rights were violated, the court's analysis is the same as in Eighth Amendment cases brought pursuant to § 1983) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (prison officials violate the Eighth Amendment when they act with deliberate indifference to inmate health or safety).

By contrast, the third amended complaint does not contain any factual allegations to show that Defendant Diggins personally participated in a violation of Plaintiff's constitutional rights. The Court warned Mr. Calbart in the September 15 Order that in order to state a claim in federal court his third amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Personal participation is an essential element of a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Therefore, Mr. Calbart's factual allegations must show that Defendant Diggins caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (there must be an affirmative link between the alleged constitutional violation and the defendant's participation, control or direction, or failure to supervise). Defendant Diggins may not be held liable merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469,

479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Defendant Diggins will be dismissed from this action because Mr. Calbart has failed to allege facts to explain how Diggins personally participated in an alleged violation of Plaintiff's constitutional rights. And, as discussed above, Defendant Diggins cannot be held personally liable for a violation of Plaintiff's rights under Title II of the ADA.

The Court will not address at this time the merits of Mr. Calbart's ADA claim against Denver or the merits of Plaintiff's § 1983 claim against Defendants Burke and Wise. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendant Denver Sheriff Chief Diggins is DISMISSED as a party to this action. The Clerk of the Court is instructed to remove Defendant Sheriff Chief Diggins as a named party to the suit. The only remaining defendants are The Denver Sheriff Department (Denver), Deputy Sheriff Wise, and Deputy Sheriff Burke. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __18th__ day of __October__, 2010.

BY THE COURT:

_s/Philip A. Brimmer_
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01385-BNB

Ernie Calbart
Prisoner No. 0000242440
Denver Sheriff Department
490 W. Colfax Ave.
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/18/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk