IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01385-LTB-CBS

ERNIE LEE CALBART, SR.,
    Plaintiff,
v.

THE DENVER SHERIFF DEPARTMENT,
DEPUTY SHERIFF WISE, and
DEPUTY SHERIFF BURKE,[1]
    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Mr. Calbart's letter requesting an injunction (filed November 29, 2010) (doc. # 58) (docketed by the Clerk of the Court as "Motion for Preliminary Injunction").[2] Pursuant to the Order of Reference dated October 20, 2010 (doc. # 28) and the memorandum dated November 30, 2010 (doc. # 59), this matter was referred to the Magistrate Judge. The court has reviewed the matter, Defendants' Response (filed December 22, 2010) (doc. # 68), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.[3]

---

    [1] Defendant Diggans was dismissed from the case by the court on October 18, 2010. (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and a Magistrate Judge" (Doc. # 25) at p. 6 of 6).

    [2] Mr. Calbart filed two additional requests for injunctive relief that he conceded were duplicative of his first request for injunctive relief and were stricken by the court. (*See* docs. # 70, # 73, and # 78; audio recording of Preliminary Rule 16(b) Scheduling Conference held January 7, 2011).

    [3] Mr. Calbart elected to not file a reply to his motion. (*See* audio recording of Preliminary Rule 16(b) Scheduling Conference held January 7, 2011).

I.      Statement of the Case

Mr. Calbart is currently incarcerated at the Denver County Jail in Denver, Colorado. Mr. Calbart's Third Amended Complaint ("TAC") invokes the court's jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 and alleges one claim for relief for violation of the Americans with Disabilities Act ("ADA"). (*See* Doc. # 23). Mr. Calbart sues the "Denver Sheriff Department" and Defendants Deputy Sheriff Wise and Deputy Sheriff Burke. Mr. Calbart sues Defendants Wise and Burke in their official capacities only. (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and a Magistrate Judge" (Doc. # 25) at p. 3 of 6). Mr. Calbart's claim against Defendants Wise and Burke in their official capacities is construed as a claim against the Denver Sheriff Department. (*See id.*). Mr. Calbart seeks damages in the amount of "2.5 million dollars," and injunctive relief in the form "that all Defendant [sic] be subject to disciplinary action" and "that Plaintiff be moved to a proper medical facility that, and orthopaedic specialist examine and perform the necessary knee replacement specialist has suggested/required [sic]." (*See* TAC (Doc. # 23) at p. 9 of 10).

II.     Mr. Calbart's Motion for Injunction

Mr. Calbart seeks return of a walker or crutches that were confiscated for disciplinary reasons. (*See* Doc. # 58; *see also* audio recording of Preliminary Rule 16(b) Scheduling Conference held January 7, 2011; Doc. # 70 at p. 6 of 13). The standard for issuance of an injunction is well established:

> To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007); *accord, Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d. 1280, 1283 (10th Cir. 1996).

Mandatory injunctions and injunctions, as here, that would disturb, rather than preserve, the status quo are "specifically disfavored"; a party seeking such an injunction bears a "heightened burden" to show that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

First, the court examines whether Mr. Calbart has demonstrated a sufficient likelihood of success on the merits. Mr. Calbart alleges violation of the ADA, which states in pertinent part at Title II:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. "This provision extends to discrimination against inmates detained in a county jail." *Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007) (citation omitted). "To state a claim under Title II, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Id.* at 1193. (citations omitted). A "qualified individual with a disability means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131.

Mr. Calbart alleges in the TAC that he "is a person with cognizable disabilities," based on his "right knee medical menis[c]us tear and degenerative arthritis" and his "left

knee severe degenerative arthritis" and that a "Denver Health Orth[opae]dic Dr. Recommend total knee replacement [sic]." (*See* Doc. # 23 at p. 5 of 10). Mr. Calbart alleges that Defendants Wise and Burke were negligent in refusing to follow proper "medical guidelines" based on his medical restriction. (*See id.* at p. 4 of 10). Mr. Calbart alleges that because Defendants Wise and Burke refused "to make a reasonable accom[m]odation", on May 1, 2010, Plaintiff "fell down the stairs and now suffer[s] injuries." (*See id.*). To the extent that Mr. Calbart alleges he is prevented from safely navigating the jail because of his knee conditions, he may qualify as a disabled individual under the statute. However, Mr. Calbart has not specifically asserted that failure to provide him with crutches prevented him from accessing prison programs or services.

Mr. Calbart fails to demonstrate a likelihood of success on the merits for several reasons. Mr. Calbart has not sought injunctive relief directed at the named Defendants. Mr. Calbart asserts in his request for injunctive relief that "Deputy Sheriff Keller, and Cpt Romero and Dept Ford, Sgt Sinch. D/S Luna D/S Lincoln, and Sgt Janiek" were "involved in tak[i]ng away by crut[c]hes." As these individuals are not named as parties in the case, the court does not have jurisdiction to enjoin or direct their conduct.

"A disability within the meaning of the ADA is, *inter alia*, 'a physical or mental impairment that substantially limits one or more of the major life activities' of an individual." *Robertson*, 500 F.3d at 1193-94 (quoting 42 U.S.C. § 12102(2)(A)). Mr. Calbart does not specifically allege a physical or mental impairment that substantially limits one or more of his major life activities; rather, he relies only on a medical diagnosis. "Individuals attempting to prove disability status under this test may not merely rely on evidence of a medical diagnosis of an impairment." *Robertson*, 500 F.3d at 1193-94. "Instead, the ADA requires those 'claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial.' " *Id.* at 1194 (internal quotation marks and citations omitted).

4

Mr. Calbart's allegation of negligence does not support a claim for violation of the ADA. For these reasons, Mr. Calbart has not established a likelihood of success on the merits of his claim.

Second, Mr. Calbart has not presented sufficiently specific facts to show that he will suffer irreparable injury if his request for preliminary injunction is denied. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005) (citation omitted). Even "serious or substantial harm is not irreparable harm." *Schrier*, 427 F.3d at 1267 (internal quotation marks and citation omitted). "The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Schrier*, 427 F.3d at 1267 (internal quotation marks and citation omitted). "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier*, 427 F.3d at 1267. Mr. Calbart does not demonstrate how his current condition will be irreparably altered in the absence of injunctive relief.

Next, Mr. Calbart must demonstrate that "the threatened injury. . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier,* 427 F.3d at 1258. Mr. Calbart has not addressed, much less demonstrated these two requisite elements. In sum, as Mr. Calbart has failed to satisfy the four prerequisites, his request for an injunction is properly denied.

III.     Lack of Jurisdiction over Defendant Burke

The court lacks jurisdiction over Defendant Burke for lack of service of process. As Mr. Calbart is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court ordered service of the Third Amended Complaint on Defendants by the United States

Marshal. (*See* doc. # 31). Pursuant to the court's October 22, 2010 "Order Granting Service by United States Marshal," a member of the U.S. Marshal's Office attempted service on Defendant Burke. On October 29, 2010, the court was notified that Defendant Burke was no longer employed at the Denver Sheriff Department. (*See* Doc. # 38 (Process Receipt and Return indicating "Attempted service on 27 Oct 10 – Mr. Burke is no longer employed by Denver Sheriff Dept"). Based on the information before the court, Defendant Burke cannot be served at the address provided to the court. (*See also* Doc. # 99 ("I just found out the Sheriff Burke is no longer with the Denver Sheriff Dept.")). "Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (internal quotation marks and citation omitted). A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall

extend the time for service for an appropriate period.

Approximately eight months have passed since the filing of this civil action and the record before the court indicates that Defendant Burke has not been served with a summons and complaint in this action.  Defendant Burke has not filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the Clerk of the Court and/or U.S. Marshal for service of the summons and complaint, there is no indication in this case that the U.S. Marshal or the Clerk of the Court have failed to perform their duties to serve Defendant Burke.  Service was attempted at the address provided to the court.  The court need not require the U.S. Marshal or the Clerk of the Court to locate or further attempt to serve Defendant Burke.  Sufficient time has been afforded and sufficient efforts have been made to serve Defendant Burke that this Defendant may properly be dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.  For this reason also, Mr. Calbart's request for injunctive relief is not properly granted against Defendant Burke.

Accordingly, IT IS RECOMMENDED that Plaintiff Mr. Calbart's letter requesting an injunction (filed November 29, 2010) (doc. # 58) (docketed by the Clerk of the Court as "Motion for Preliminary Injunction") be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the

basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 8th day of February, 2011.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge